# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TROY L. ANDERSON, ) | CASE NO. 5:09-cv-01652 |
| ) | |
| Petitioner, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | MAGISTRATE JUDGE GREG WHITE |
| ) | |
| KEITH SMITH, Warden ) | |
| ) | |
| Respondent. ) | **REPORT AND RECOMMENDATION** |
| ) | |

Petitioner, Troy L. Anderson ("Anderson"), challenges the constitutionality of his conviction in the case of *State v. Anderson*, Summit County Court of Common Pleas Case No. CR-2008-01-0315.  Anderson, *pro se*, filed his Petition for a Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on July 17, 2009.  On January 25, 2010, Warden Keith Smith ("Respondent") filed his Answer/Return of Writ.  (Doc. No. 8.)  Anderson did not file a Traverse.  This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2.  For reasons set forth in detail below, it is recommended that Anderson's petition be DENIED.

## I. Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1); *see also House v. Bell,* 283 F.3d 37 (6th Cir. 2002).  The state appellate court summarized the facts underlying Anderson's conviction as follows:

> On November 5, 2007, Frank Rocco, the owner of Rocky's Skating Center, was working on paperwork after the skating rink had closed. He received a call from a woman claiming to have left her keys inside the skating center. Rocco told her to come to the skating center and he would allow her to look for the missing keys. Rocco received a second call from the woman, who informed him that she was outside the skating center. Rocco let the woman in to the rink. As Rocco began to look for the keys, a man wearing gloves and a Halloween mask approached him from behind. The masked man was carrying a gun, demanded money and threatened to kill Rocco. Rocco gave the man a bag of coins and his wallet. Rocco observed another man enter the skating center. After the robbery, the masked man left the skating center with the other man and the woman in a light colored vehicle.

*State v. Anderson*, 2009 Ohio App. LEXIS 693, 2009-Ohio-837 at ¶P2 (Ohio Ct. App., Summit County Feb. 25, 2009).

## II. Procedural History

### A. Conviction

On March 13, 2008, a Summit County Grand Jury charged Anderson with one count of aggravated robbery in violation of Ohio Revised Code ("O.R.C.") § 2911.01(A)(1) together with a firearm specification, and one count of having a weapon while under a disability in violation of O.R.C. § 2923.13(A)(2). (Doc. No. 8, Exh. 1.) On May 30, 2008, a jury found Anderson guilty as charged. (Doc. No. 8, Exhs. 3 & 4.) On June 6, 2008, the trial court sentenced Anderson to a term of ten years incarceration for aggravated robbery, a mandatory term of three years incarceration for the firearm specification, and a term of three years incarceration for having a weapon while under a disability. (Doc. No. 8, Exh. 5.) The sentences were to be served consecutively for an aggregate term of sixteen years. *Id*.

### B. Direct Appeal

On July 7, 2008, Anderson, through counsel, filed a Notice of Appeal with the Court of Appeals for the Ninth Appellate District ("state appellate court"). (Doc. No. 8, Exh. 6.)

-2-

Anderson set forth the following assignments of error:

> I. The evidence in this case was insufficient as a matter of law to support a conviction of aggravated robbery and/or a specification to that charge involving a firearm and as a result Troy Anderson's rights as protected by Article I, Section 16 of the Ohio constitution and Fifth Amendment of the United States Constitution were violated.
>
> II. The verdicts in this case were against the manifest weight [of the] evidence and as a result, Troy Anderson's rights as protected by Article I, Section 16 of the Ohio Constitution and Fifth Amendment of the United States Constitution were violated.
>
> III. The trial court erred when it failed to provide a separate verdict form for the specification attached to count two of the indictment which deprived Troy Anderson of his right to a fair trial in violation of his 5th, 6th, and 14th Amendment rights under the United States Constitution and Article 1, Section 10 of the Ohio Constitution.

(Doc. No. 8, Exh. 7.)

On February 25, 2009, the state appellate court affirmed Anderson's conviction. (Doc. No. 8, Exh. 9.)

On April 6, 2009, Anderson, *pro se*, filed a Notice of Appeal with the Supreme Court of Ohio raising the same three issues. (Doc. No. 8, Exhs. 10 & 11.)

On June 17, 2009, the appeal was dismissed as not involving any substantial constitutional question. (Doc. No. 8, Exh. 12.)

**C. Federal Habeas Petition**

On July 17, 2009, Anderson filed a Petition for Writ of Habeas Corpus asserting the following grounds for relief:

> GROUND ONE: The petitioner was denied being convicted by sufficient evidence.
>
> GROUND TWO: Denial of fair trial and due process.

-3-

(Doc. No. 1.)

### III. Exhaustion and Procedural Default

**A.  Exhaustion Standard**

State prisoners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings.  *See* 28 U.S.C. § 2254(b),( c).  This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims."  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  However, if relief is no longer available in state court, exhaustion can be rendered moot: "If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts."  *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *see Buell v. Mitchell*, 274 F.3d 347, 349 (6th Cir. 2001).

**B.  Procedural Default Standard**

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice.  *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir.2006) (*citing Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).  A claim may become procedurally defaulted in two ways. *Id*.  First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court.  *Id.*; *see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate

grounds for precluding relief, the claim is procedurally defaulted.[1] *Id.*

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n. 28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*. In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id*. Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id*.

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue--not merely

---

[1] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id*. at 138-39; *Barkley v. Konteh*, 240 F.Supp.2d 708 (N.D. Ohio 2002).

as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: "(1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138-39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (*quoting Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id*. Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See United States v. Frady*, 456 U.S. 152, 172 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219-20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different. *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (*citing Strickler v. Greene*, 527 U.S. 263, 289 (1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is

actually innocent in order to prevent a "manifest injustice." *See Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). Conclusory statements are not enough – a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995)*; See Jones v. Bradshaw*, 489 F.Supp.2d 786, 807 (N.D.Ohio 2007).

**C.  Analysis**

Respondent argues that ground two of Anderson's petition is procedurally defaulted. In ground two, Anderson alleges that he was denied a fair trial and due process when the trial court failed to provide a separate verdict form for the firearm specification attached to his aggravated robbery charge. Respondent asserts that the Ohio state courts did not address the merits of this claim, because Anderson failed to comply with state procedural rules.

Where a petitioner fails to comply with an applicable state procedural rule and the state court actually enforces the state procedural sanction, federal habeas review is foreclosed if the state procedural bar is an "independent and adequate" state ground. Here, the state appellate court found as follows:

> In his third assignment of error, Anderson contends that the trial court erred when it failed to provide a separate verdict form for the specification attached to count two of the indictment, which deprived him of his right to a fair trial. We do not agree.
>
> Initially we note that Anderson waived any issue with respect to jury instructions and the jury verdict forms. When specifically asked if he had any additions or corrections to the jury instructions, and if the jury verdict forms were correct, Anderson's counsel stated that he had no objections, therefore affirmatively waiving the argument for appeal. *State v. Hairston*, 9th Dist. No. 05CA008768, 2006 Ohio 4925, at ¶9, *quoting United States v. Olano* (1993), 507 U.S. 725, 733,

> 113 S. Ct. 1770, 123 L. Ed. 2d 508.  Therefore, we decline to address it.  *Hairsto*n at ¶9, quoting *State v. McKee* (2001), 91 Ohio St.3d 292, 299, 2001 Ohio 41, 744 N.E.2d 737 at fn. 3 (Cook, J., dissenting); Crim.R. 52(B).
>
> Anderson's third assignment of error is overruled.

*Anderson*, 2009-Ohio-837 at ¶¶20-22.

It is well established that "Ohio has a contemporaneous objection rule, and that the Ohio courts treat the failure to object to a claimed error as a procedural default."  *Williams v. Bagley*, 380 F.3d 932, 968 (6th Cir. 2004) *(quoting Knuckles v. Rogers*, 1993 U.S. App. LEXIS 1403 at **2-3 (6th Cir. Jan. 21, 1993); *see also Schade v. Carnegie Body Co.*, 436 N.E.2d 1001, 70 Ohio St. 2d 207 (Ohio 1982) ("A party may not assign as error the giving or the failure to give any instruction unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection.") (*quoting* Ohio Rule Cic. P. 51(A)); *State v. Powers*, 667 N.E.2d 32, 106 Ohio App. 3d 696, 699 (Ohio Ct. App. 1995).  Furthermore, the Sixth Circuit has held that "Ohio's contemporaneous objection rule constitutes an adequate and independent state ground that bars federal habeas review absent a showing of cause and prejudice."  *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001) (*citing Scott v. Mitchell*, 209 F.3d 854, 867-68 (6th Cir. 2000) and *Engle v. Isaac*, 456 U.S. 107, 124-29, 71 L. Ed. 2d 783, 102 S. Ct. 1558 (1982)).

Therefore, absent a showing of cause and prejudice excusing his failure to comply with the procedural rule, Anderson's second ground for relief is procedurally defaulted.  Anderson's petition does not contain any argument asserting cause for his default or any prejudice stemming from the default and he has not filed a traverse.  Consequently, ground two is procedurally defaulted.

## IV.  Review on the Merits

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254.  *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997).  The relevant provisions of AEDPA state:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

Clearly established federal law is to be determined by the holdings of the United States Supreme Court.  *See Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Ruimveld v. Birkett*, 404 F.3d 1006, 1010 (6th Cir. 2005).  However, an explicit statement by the Supreme Court is not mandatory; rather, "the legal principles and standards flowing from [Supreme Court] precedent" also qualify as "clearly established law."  *Ruimveld*, 404 F.3d at 1010 (*quoting Taylor v. Withrow*, 288 F.3d 846, 852 (6th Cir. 2002)).

A state court's decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."  *Williams v. Taylor*, 529 U.S. at 413.  By contrast, a state court's decision involves an unreasonable application of clearly established federal law "if the state

court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. However, a federal district court may not find a state court's decision unreasonable "simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.  Rather, a federal district court must determine whether the state court's decision constituted an objectively unreasonable application of federal law.  *Id.* at 410-12.  "This standard generally requires that federal courts defer to state-court decisions."  *Strickland v. Pitcher*, 162 Fed. Appx. 511, 516 (6th Cir. 2006) (*citing Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998)).

**A. Ground One: Sufficiency of the Evidence**

In ground one of his petition, Anderson argues that his conviction was unconstitutional as it was not supported by sufficient evidence.  In particular, Anderson contends that his convictions for aggravated robbery with a gun specification and possessing a weapon while under a disability were not supported by the evidence, because there was no testimony that the weapon he used was operable.  (Doc. No. 1.)

The Due Process Clause of the Fourteenth Amendment requires that a criminal conviction be supported by proof beyond a reasonable doubt with respect to every fact necessary to constitute the offense charged.  *In re Winship*, 397 U.S. 358, 363-64 (1970).  The standard for determining if a conviction is supported by sufficient evidence is "whether after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 307, 317 (1979).  In making such a determination, a district court may not substitute its own

determination of guilt or innocence for that of the factfinder, nor may it weigh the credibility of witnesses. *See id.*; *Walker v. Engle*, 703 F.2d 959, 970 (6th Cir. 1983).  Moreover, federal courts are required to give deference to factual determinations made in state court and "[a]ny conflicting inferences arising from the record . . . should be resolved in favor of the prosecution." *Heinish v. Tate*, 9 F.3d 1548, 1993 WL 460782 (6th Cir. 1993) (unpublished opinion), *citing Walker*, 703 F.3d at 969-70; *Wright v. West*, 505 U.S. 277, 296 (1992) (the deference owed to the trier of fact limits the nature of constitutional sufficiency review.)

In addressing Anderson's assignment of error, the state appellate court ruled as follows

> [*P7]  Specifically, Anderson contends that the State failed to verify that he had or used a firearm and that there was no physical evidence presented supporting the assertion that a firearm was used or that he was the person who used it. Finally, Anderson contends that because no weapon was ever recovered, the State failed to show that the gun was operable.  Accordingly, it appears that Anderson contends that the State failed to present sufficient evidence that he possessed a firearm.  We do not agree with this assertion.
>
> [*P8]  The Ohio Supreme Court has stated that while the State must prove beyond a reasonable doubt that the firearm was operable, "such proof can be established beyond a reasonable doubt by the testimony of lay witnesses who were in a position to observe the instrument and the circumstances surrounding the crime." *State v. Murphy* (1990), 49 Ohio St.3d 206, 551 N.E.2d 932, syllabus, citing *State v. Gaines* (1989), 46 Ohio St.3d 65, 545 N.E.2d 68).  In the instant case, "[d]espite the [S]tate's failure to produce a gun at trial, there was substantial, uncontradicted evidence in the record indicating that appellant displayed and brandished a gun during the commission of a theft offense."  *State v. Nelson*, 12th Dist. No. CA2006-04-030, 2007 Ohio 2294, at ¶18.
>
> [*P9]  The State presented the testimony of the victim, Frank Rocco.  Rocco testified that a female called him looking for lost keys.  After he let her in the skating rink, a man wearing a Halloween mask came behind him with a gun. According to Rocco, his assailant stated, "'Give me your money, mother F, or I'm going to blow your head off or shoot you now.'"  Rocco then described the gun. Rocco testified that his assailant said, "'Go in your office, mother F, and open your safe or I'm going to shoot you.'"  Rocco explained that the assailant had the gun to his head.  Rocco stated that he feared for his life and as a result, opened the safe and gave the contents to his assailant.

[*P10]  Rocco further testified that a few days after the incident, he called the detective on the case to tell him that he thought Anderson was his assailant.  He explained that his assailant was muscular and knew his way around the skating rink.  He further stated that Anderson had stopped by the skating rink a few weeks prior to the incident to "chit chat" which was unusual.

[*P11]  The State presented the testimony of Antoinette Grant, Anderson's co-defendant, who called Rocco to gain admittance to the skating rink.  Grant testified that Anderson was her mother's friend.  She testified that prior to November 5, she had a lot of contact with Anderson and that Anderson wanted her to help him rob the skating rink.  Grant stated that she agreed to help him.  Grant testified that on November 5, 2007, she called Rocco, who let her into the skating rink.  Grant, in turn, let in Anderson, who was wearing a Halloween mask.

[*P12]  We conclude that there was sufficient evidence from which the jury could infer that Anderson possessed a deadly weapon based on his words and conduct.  *State v. Knight*, 2nd Dist. No. 2003 CA 14, 2004 Ohio 1941, at ¶18.

> "In *State v. Haskins*, Erie App. No. E-01-016, 2003 Ohio 70, the court of appeals upheld the conviction for the aggravated robbery of a gas station, even though no gun had been displayed or found.  The court reasoned: "In this case, the attendant in the gas station robbery testified that appellant threatened 'Are you going to give me the money or do I have to pull this pistol out of my pocket?'  The attendant responded immediately by putting up her hands, fearing that appellant did, in fact, have a gun.  Although no weapon was actually seen or found, credible evidence was presented from which the jury could have found beyond a reasonable doubt that appellant did, in fact, have a deadly weapon on or about his person or under his control.  Therefore, sufficient evidence was presented going to all the elements of the crime and the conviction was not against the manifest weight of the evidence.'  *Id*., ¶42; see [*State v. Green* (1996), 117 Ohio App.3d 644, 691 N.E.2d 316] (state presented sufficient evidence of a deadly weapon when he made several threats to "blow the heads off" the victims, used his hand in a manner consistent with having a concealed gun, and the victims surrendered money based on their suspicions that he was armed and could carry out his threat)."  *Id*.

[*P13]  Viewing this evidence in the light most favorable to the State, we find that a rational trier of fact could have found that the State proved beyond a reasonable doubt that Anderson possessed and brandished a gun during a theft offense.  We specifically note the threats Anderson made to Rocco referencing the gun and Rocco's testimony that in fear for his life, he turned over his wallet and the money in the safe.  Accordingly, Anderson's first assignment of error is overruled.

*Anderson*, 2009-Ohio-836 at ¶¶7-13.

The elements of a crime are established by state law. Pursuant to O. R.C. § 2923.11(B), a firearm must be "operable" prior to an offender receiving an enhanced sentence. As noted by the state appellate court, under Ohio law, as expressly stated by the Ohio Supreme Court, proof that a firearm was operable can be established by the testimony of lay witnesses who observed the firearm and the circumstances surrounding the crime. Based on this Court's own review of the trial transcript, it is clear that the state appellate court accurately summarized the evidence of record and correctly applied the law. (Tr. 32-39, 47-49, 51, 56-58, 68-71, 78.) As such, this Court finds that the state appellate court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law. Anderson's first ground for relief is, therefore, without merit.

### V. Conclusion

For the foregoing reasons, it is recommended that Anderson's Petition be DENIED.

s/ Greg White<br>U.S. MAGISTRATE JUDGE

Date: May 11, 2010

**OBJECTIONS**
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** ***See United States v. Walters***, **638 F.2d 947 (6th Cir. 1981).** ***See also Thomas v. Arn***, **474 U.S. 140 (1985)**, ***reh'g denied***, **474 U.S. 1111 (1986).**