**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Troy L. Anderson,** | ) | **CASE NO. 5:09 CV 1652** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Keith Smith, Warden** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge White (Doc. 9) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court.  For the following reasons, the Report and Recommendation is ACCEPTED.

**Introduction**

Petitioner, Troy L. Anderson**,** commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  The Magistrate Judge issued his Report and Recommendation recommending that the Petition be denied. Petitioner filed Objections to the Report and Recommendation.

1

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

**Discussion**

Petitioner was sentenced after being found guilty by a jury of aggravated robbery with a firearm specification and having a weapon while under a disability. Petitioner raised two grounds for habeas relief. Ground One asserted that there was insufficient evidence to convict petitioner. Ground Two asserted that petitioner was denied a fair trial and due process when the trial court failed to provide a separate verdict form for the firearm specification attached to his aggravated robbery charge.

The Magistrate Judge concluded that Ground Two was procedurally defaulted given that the state appellate court declined to reach the merits of this claim as petitioner's counsel had not objected to the jury verdict forms in the trial court. Petitioner did not raise cause or prejudice for his default. Petitioner fails to offer any objections as to Ground Two. Accordingly, having found no clear error upon review of the Magistrate Judge's findings and conclusions as to this ground, the Court agrees that Ground Two is procedurally defaulted.

The Magistrate Judge rejected petitioner's assertion in Ground One that his convictions for aggravated robbery with a gun specification and possessing a gun while under a disability were not supported by the evidence because there was no testimony that the weapon used was operable. This Court agrees that the state appellate court's adjudication of this claim was not

contrary to established federal law. That court concluded that a rational trier of fact could have found beyond a reasonable doubt that petitioner possessed and brandished a gun during the theft offense based on the victim's testimony regarding the threats made to him by petitioner referencing the gun and that in fear for his life, the victim turned over his wallet and the money in the safe. Upon his own review of the victim's testimony, the Magistrate Judge agreed.

Petitioner objects on the basis that the victim could not state with particularity whether the firearm was operable. Petitioner also refers to the testimony of one of the state's witnesses who related that she never saw a firearm. He also points out that the firearm was never produced. Petitioner's assertions are unpersuasive.

The state appellate court recognized that under law established by the Ohio Supreme Court, proof beyond a reasonable doubt that a firearm was operable can be established by testimony of lay witnesses who were in a position to observe the instrument and the circumstances surrounding the crime. The Magistrate Judge correctly stated the federal law with regard to sufficiency of the evidence. This Court has also reviewed the victim's testimony which easily establishes that petitioner threatened the victim with the gun which resulted in his turning over the money. The fact that the state's witness testified that she did not see a gun and that she did not hear the petitioner threaten the victim is ineffectual. This witness testified that under petitioner's direction, she used a ruse to get the victim to unlock the door to his roller skating rink and this allowed petitioner to enter. The witness testified, however, that she went back to the car after petitioner entered the skating rink. Therefore, she was not in a position to observe the gun and the circumstances surrounding the crime. Nor does the fact that the gun was never produced change the victim's testimony. The Court agrees that Ground One fails on the merits.

3

**Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is denied. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/11/10